**UNITED STATES of America, Appellee,**

v.

**Freddie G. YOUNG, Appellant.**

**No. 92–2077.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided Oct. 29, 1992.

R. Thomas Day, St. Louis, Mo., argued for appellant.

Joseph M. Landolt, St. Louis, Mo., argued for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Freddie Gene Young appeals the enhancement of his sentence for a conviction of possession of a firearm by a convicted felon. He asserts the district court[1] incor-

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

rectly considered two of his three prior convictions for violent felonies. He argues the two convictions were constitutionally invalid because they were based on guilty pleas given without an explicit waiver of several constitutional rights. We reject the argument and affirm.

## I.

In 1991, Young pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At the April 29, 1992 sentencing hearing, the district court found that Young had been convicted previously of three violent felonies. As a result, the district court enhanced his sentence to comply with the minimum required by 18 U.S.C. § 924(e) (1988). The three violent felonies include a 1974 conviction for assault with intent to kill, a 1975 conviction for first-degree robbery and a 1982 conviction for first-degree robbery. At the sentencing hearing, Young contested the validity of the 1974 and 1982 convictions on grounds the record failed to comply with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

On appeal, Young contends the district court erred in calculating his mandatory minimum sentence under 18 U.S.C. § 924(e). He argues the district court should not have considered his 1974 and 1982 convictions because both are constitutionally infirm for failing to include an explicit waiver of rights as required under *Boykin.*

A transcript of the plea proceedings for the 1974 conviction is unavailable. The transcript from the 1982 proceedings shows that the court accepting the plea noted it was "freely and voluntarily" given. The judge specifically questioned Young as to both his understanding of the ramifications of a guilty plea and his current mental state. During the sentencing hearing in the instant case, the Government presented testimony given by Young's attorneys in the 1974 and 1982 cases. Although the attorneys in each case did not specifically recall representing Young, they did testify regarding their customary practice in coun-

selling clients making a guilty plea and, in the case of the 1974 conviction, the customary practice of the judge before whom Young appeared. The testimony supported the prosecution's position. The district court here sentenced Young to 188 months (15 years, 8 months), plus three years of supervised release.

## II.

The Government appropriately notes that the Sentencing Guidelines prohibit collateral attacks on prior convictions and require that all convictions be used in computing the Criminal History Score, unless they were "previously ruled constitutionally invalid." *United States v. Hewitt,* 942 F.2d 1270, 1276 (8th Cir.1991). If Young's sentence had been imposed under the Sentencing Guidelines, all prior convictions would be used to determine his sentence, as he failed to show any convictions were ruled constitutionally invalid. However, Young's sentence, imposed under 18 U.S.C. § 924(e)(1) as a mandatory minimum, may be challenged collaterally. *United States v. Day,* 949 F.2d 973, 981 (8th Cir.1991).

*Boykin* delineates three constitutional rights that must be waived explicitly before a guilty plea is entered: the privilege against compulsory self-incrimination, the right to a jury trial and the right to confront one's accusers. *Boykin,* 395 U.S. at 243, 89 S.Ct. at 1712. Regarding the 1974 conviction, Young's attorney testified on February 21, 1992 that he advised Young of his right "to have a trial," but not until March 9, 1992 did he testify that he advised Young of his right to a *jury* trial. Young asserts this variation impeaches the witness and invalidates the 1974 conviction. Regarding the 1982 conviction, Young argues the court merely ascertained that the guilty plea was given knowingly, intelligently and voluntarily and that the court failed to advise Young of his *Boykin* rights.

We need not proceed with such a mechanical reading of the *Boykin* rights, but instead may determine that a guilty

plea is given knowingly, intelligently and voluntarily. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 747 n. 4, 90 S.Ct. 1463, 1468 n. 4, 25 L.Ed.2d 747 (1970); *Gonzales v. Grammer,* 848 F.2d 894, 898–99 (8th Cir.1988). The testimony regarding the 1974 conviction and the record from the 1982 sentencing hearing demonstrate the district court was not clearly erroneous in concluding the guilty pleas were given in accordance with *Boykin* and, thus, should be considered in determining Young's sentence.

Accordingly, we affirm.