UNITED STATES of America, Appellee,

v.

Douglas Greg CORNELIUS, Appellant.

No. 92–3720.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1993.

Decided July 30, 1993.

Dean Stowers, Des Moines, IA, argued, for appellant.

John D. Griffith, Des Moines, IA, argued (Gene W. Shepard and Linda R. Reade, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

WOLLMAN, Circuit Judge.

Douglas Greg Cornelius appeals from the district court's judgment and sentencing order. We vacate Cornelius's sentence and remand for resentencing consistent with this opinion.

I.

On April 5, 1990, a jury found Cornelius guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The facts underlying Cornelius's conviction are recounted in our opinion in *United States v. Cornelius*, 931 F.2d 490, 491 (8th Cir.1991). At the time of his sentencing on this offense, Cornelius had several prior felony convictions, including three convictions in Iowa state court: a 1970 breaking and entering

conviction; a 1979 arson conviction; and a 1989 extortion conviction. The district court determined that Cornelius was a career offender under U.S.S.G. § 4B1.1, but not an armed career criminal under 18 U.S.C. § 924(e), and sentenced him to a term of 120 months' imprisonment. *Id.*

Both parties appealed from the initial sentence. We affirmed the district court's determination that Cornelius was a career offender, but reversed its determination that he was not an armed career criminal and remanded to the district court for resentencing. *Id.* at 494.

At Cornelius's second sentencing hearing the district court sentenced him to an enhanced term of 360 months' imprisonment for being a career offender and an armed career criminal. *United States v. Cornelius*, 968 F.2d 703, 704 (8th Cir.1992). The district court imposed the thirty-year sentence under the belief that the scope of the remand foreclosed it from addressing any issue other than the proper sentencing term. *Id.*

Cornelius appealed, contending that the district court erred in refusing to consider evidence that his 1970 guilty plea was constitutionally invalid and thus could not be used to enhance his sentence under section 924(e). *Id.* at 705. We held that the district court erred in refusing to hear Cornelius's evidence concerning whether he was an armed career criminal. We also clarified our holding in the first appeal as follows:

> We did not find [in Cornelius's first appeal] that Cornelius was an armed career criminal. We simply held that the district court was in error when it found that the 1970 conviction did not qualify as a prior conviction under § 924(e). We did not limit the district court's further determination of whether Cornelius was an armed career criminal. Therefore, the district court was free to consider any new arguments raised at the resentencing as to whether Cornelius was an armed career criminal that could have been considered at the first hearing. *Id.* at 706.

Accordingly, we remanded the case to the district court for a new sentencing hearing, at which Cornelius could present evidence concerning the validity of his 1970 guilty plea. *Id.*

On November 20, 1992, the district court held a third sentencing hearing, at which Cornelius testified. Among other things, Cornelius argued that the district court should not consider his 1970 conviction for enhancement purposes because his guilty plea to the breaking and entering charge was not entered in compliance with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), and was thus invalid.

Based upon amendments to the Guidelines, the district court determined that Cornelius was not a career offender, with the result that the applicable Guideline range was twenty-four to thirty months. The court once again found, however, that Cornelius was an armed career criminal subject to the mandatory minimum sentence of fifteen years. The district court rejected Cornelius's arguments concerning the use of the 1970 guilty plea to enhance his sentence and found that the plea met the requirements of *Boykin*. The district court then sentenced Cornelius to a term of fifteen years' imprisonment, to be followed by three years of supervised release.

## II.

■ *Boykin* sets forth three constitutional rights that a defendant must waive explicitly before a guilty plea is entered: the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712.

■ A conviction is not automatically insufficient under *Boykin* merely because the original plea transcript itself fails to contain an "express waiver and articulation of these three rights." *Todd v. Lockhart*, 490 F.2d 626, 628 (8th Cir.1974). Once a prisoner has demonstrated that the plea taking was not conducted in accordance with *Boykin*, the government can cure the otherwise defective plea-taking transcript at an evidentiary hearing. *Id.* The record developed by the government at the evidentiary hearing must "contain specific testimony pertinent to whether the plea was intelligent and volun-

tary." *Id.* Thus, the government must, under these circumstances, "affirmatively prove" that the plea was voluntary and intelligent before attempting to offer it as one of the three predicate convictions for the application of the Armed Career Criminal Act. *See Id.*

■ The plea transcript fails to disclose a valid waiver by Cornelius of his right against self-incrimination and his right to confront witnesses. Notwithstanding the lack of compliance with *Boykin,* the government contends that this case should be controlled by *United States v. Young,* 979 F.2d 1280 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1604, 123 L.Ed.2d 166 (1993). In *Young,* however, the government cured the deficient transcripts by introducing the testimony of the two attorneys who had represented Young concerning their customary practice in counselling clients who were making guilty pleas and the customary practice of one of the two judges before whom Young had appeared to offer his pleas. *Id.; see also United States v. White,* 890 F.2d 1033, 1035–36 (8th Cir.1989). Here, the government made no attempt to cure the deficiencies in the record.

Because the 1970 plea transcript is silent as to the waiver of two of the three *Boykin* rights, and because the government has failed to cure the record's deficiencies, we hold that the district court erred in finding Cornelius to be an armed career criminal within the meaning of 18 U.S.C. § 924(e)(1) and in sentencing him to the mandatory fifteen-year term for the section 922(g) offense. Because we reverse on this ground, we do not reach the merits of Cornelius's other two arguments.

We vacate Cornelius's sentence and remand for resentencing consistent with this opinion.