UNITED STATES of America, Plaintiff,

v.

Larry L. EMERSON, Defendant.

No. 95–30006.

United States District Court,
C.D. Illinois,
Springfield Division.

March 10, 1998.

---

Esteban F. Sanchez, Springfield, IL, Richard N. Cox, Urbana, IL, for Plaintiff.

Monroe McWard, Jon Gray Noll, Springfield, IL, for Defendant.

## OPINION

RICHARD MILLS, District Judge.

A matter of resentencing.

On March 4, 1996, a jury found the Defendant—Larry Emerson—guilty of ten counts of *mail fraud* in violation of 18 U.S.C. § 1341, one count of *conspiracy to commit money laundering* in violation of 18 U.S.C. § 1956(h), and five counts of *money laundering* in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

On August 27, 1996, the Court sentenced Emerson to 216 months of imprisonment for his convictions.

On November 14, 1997, the Court received a mandate from the United States Court of Appeals for the Seventh Circuit remanding this case for resentencing on the single issue of the grouping of closely related counts. However, the Seventh Circuit affirmed Emerson's convictions and sentence in all other respects. Emerson has raised the following unresolved objections to the Revised Presentence Investigation Report.

## I. GROUPING OF RELATED COUNTS

■ Defendant objects to the Revised Presentence Investigation Report's grouping of closely related counts under U.S.S.G. § 3D1.2(d). Defendant argues that a straightforward reading of the Guidelines reveals that the counts should be grouped under U.S.S.G. § 3D1.2(b). Moreover, Defendant asserts that the Seventh Circuit cases of *United States v. Wilson*, 98 F.3d 281 (7th Cir.1996), *United States v. Wilson*, 131 F.3d 1250 (7th Cir.1997), and *United States v. Emerson*, 128 F.3d 557 (7th Cir.1997) (*i.e.*, the opinion resulting from his direct appeal), establish that the counts should be grouped under subsection (b).

However, the Court believes that those three Seventh Circuit cases instruct this Court to group Defendant's counts under subsection (d). Mail fraud and money laundering are of the "same general type" of crimes. *Wilson*, 98 F.3d at 283, citing *United States v. Adams*, 74 F.3d 1093, 1102 n. 12 (11th Cir.1996); *Emerson*, 128 F.3d at 564. Grouping the two under subsection (d) is proper because "the offense level is determined largely on the basis of the total amount of harm or loss." *Id.*, quoting *Wilson*, 98 F.3d at 283. The Seventh Circuit remanded this case based upon its holding in *Wilson*. *Emerson*, 128 F.3d at 568. Both *Wilson I* and *Wilson II* hold that money laundering and mail fraud should be grouped under U.S.S.G. § 3D1.2(d). *Wilson*, 131 F.3d at 1252 ("mail fraud and money laundering counts should be grouped under section 3D1.2(d)"); *Wilson*, 98 F.3d at 283.

· Furthermore, U.S.S.G. § 3D1.2(d) provides: "Offenses covered by the following guidelines are to be grouped under this subsection: ...." Listed therein are the guideline provisions for the crimes of which Defendant has been convicted, *i.e.*, mail fraud (U.S.S.G. § 2C1.7) and money laundering (U.S.S.G. § 2S1.1). Although the provisions are not listed in the same row, as noted above, the offenses are of the "same general type." *Wilson*, 98 F.3d at 283; *Emerson*, 128 F.3d at 564 n. 1.

Likewise, Application Note 6 provides an example of when a court should group under subsection (d): "(3) The defendant is convicted of five counts of mail fraud and ten counts of wire fraud." This example is analogous to the convictions in the case at bar: ten counts of mail fraud and six counts of money laundering. Accordingly, the Court finds the Revised Presentence Investigation Report is correct as written.

## II. DOWNWARD DEPARTURE

Defendant argues that he is entitled to a downward departure in his sentence based upon his post-conviction rehabilitation efforts, his age, and his physical condition. Defendant asserts that he may raise this issue because, at resentencing, the Court has the authority to restructure his entire sentence even though the Court of Appeals remanded for the determination of a single issue. In support of his position, Defendant cites a line of cases which he believes allows the Court to address issues other than the limited issue on remand. Accordingly, Defendant argues that he is entitled to a downward departure for two reasons.

First, Defendant argues that he is entitled to a downward departure based upon his rehabilitation efforts. Defendant asserts that he has been a model inmate and should be rewarded for his efforts while incarcerated. Second, Defendant argues that he is entitled to a downward departure based upon his age and physical condition. U.S.S.G. § 5H1.1; § 5H1.4. Defendant asserts that he suffers from extraordinary physical impairments (*i.e.*, sleep apnea, overweight, and arthritis), and therefore, the Court should award him a downward departure in his sentence.

■ The Seventh Circuit "REMANDED [the instant case] to the district court for resentencing on the grouping issue in light of our decision in *Wilson*." *Emerson*, 128 F.3d at 568. As to all other aspects of Defendant's conviction and sentence, the Seventh Circuit affirmed this Court's prior decisions. *Id.* The Seventh Circuit issued a very specific and limited remand. Thus, the Court believes that it would be improper to consider any additional arguments on resentencing. *United States v. Whren*, 111 F.3d 956, 960 (D.C.Cir.1997); *see also United States v. Ponce*, 51 F.3d 820, 826 (9th Cir.1995); *but see United States v. Cornelius*, 999 F.2d 1293, 1294 (8th Cir.1993).

Furthermore, the cases cited by Defendant in support of his "sentencing package concept" are easily distinguishable from the case at bar. The cases cited by Defendant pertain to motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. § 2255. In those cases, the courts were resentencing because part of a defendant's conviction had been vacated. Here, Defendant's conviction was affirmed *in toto*. Therefore, Defendant may not raise new issues on resentencing.

■ Even assuming, *arguendo*, that Defendant could argue for a downward departure at his resentencing hearing, the Court would find that he is not entitled to a downward departure based upon his rehabilitation efforts, his age, or his physical condition. Currently, there is a split in the circuits over whether evidence of post-conviction rehabilitation may justify a downward departure. *United States v. Lewis*, 79 F.3d 688, 693 n. 1 (7th Cir.1996). To date, the Seventh Circuit has not offered its position on the availability of such a downward departure. *United States v. Abbott*, 129 F.3d 119, 121 (7th Cir. 1997).

However, it is unnecessary for the Court to anticipate what the Seventh Circuit's position will be on this issue. Even assuming that such a downward departure is available, it is unavailable to Defendant. Circuit courts which have held that a downward departure based upon a defendant's post-conviction rehabilitation is available have opined that "at a minimum, there must be evidence demonstrating that a defendant has made concrete

gains toward 'turning his life around' before a sentencing court may properly rely on extraordinary post-conviction rehabilitation efforts as a basis for a downward departure." *United States v. Sally,* 116 F.3d 76, 81 (3rd Cir.1997); *United States v. Core,* 125 F.3d 74, 77 (2d Cir.1997).

The Court cannot say from the evidence presented by Defendant that he has undergone a life changing transformation sufficient to warrant such an extraordinary downward departure. To the Court's knowledge, Defendant has yet to acknowledge any culpability or sincere remorse for his wrong doings. Thus, the Court finds that Defendant is not entitled to a downward departure based upon his post-conviction rehabilitation.

 Likewise, Defendant is not entitled to a downward departure based upon his age and physical condition. Defendant's appearance and condition by themselves are an inadequate basis to support a conclusion by the Court that Defendant is extraordinarily physically impaired. *United States v. Sherman,* 53 F.3d 782, 786 (7th Cir.1995). Defendant has failed to offer any medical testimony as to the severity of his medical condition, nor has he offered any evidence that the Bureau of Prisons cannot adequately provide for an inmate suffering from his ailments. *Id.* at 786–87. In fact, as the Government notes, it appears that Defendant's sleep apnea has improved while incarcerated, and he, apparently, is only in need of a CPAP machine in case of a reoccurrence.

Furthermore, other courts have not found individuals with ailments more severe than Defendant's to be suffering from extraordinary physical impairment entitling them to a departure pursuant to § 5H1.4. *E.g. United States v. Goff,* 6 F.3d 363, 366 (6th Cir. 1993)(a wheelchair bound quadriplegic was held not to be entitled to the departure). Thus, the Court finds that Defendant is not entitled to a downward departure based upon his age or physical condition.

*Ergo,* Defendant's objection to the Revised Presentence Investigation Report's grouping of closely related Counts under U.S.S.G. § 3D1.2(d) is DENIED. Furthermore, the Court finds that a downward departure is not warranted. Therefore, Defendant has an adjusted offense level of 35 and a criminal history within category I, yielding a sentencing range of 168 to 210 months of imprisonment.

Accordingly, Defendant is hereby sentenced to 192 months imprisonment, consisting of 60 months on each of Counts 1 through 10 and 192 months on each of Counts 11 through 16, to run concurrently, and to be followed by a 3 year term of supervised release upon being discharged from the Bureau of Prisons. Defendant is ordered to pay a special assessment of $800.00 immediately. In addition, Defendant shall pay to the United States Postal Service $349,000.00 in restitution of which $144,500.00 is to be paid jointly and severally with John Keller. No fine is ordered.

Finally, the Court recommends to the United States Bureau of Prisons that Defendant be placed in a suitable facility as close as possible to Taylorville, Illinois.