**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Colton Travis BENBOE, Defendant–Appellant.**

No. 97–35566.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1998.

Decided Sept. 30, 1998.

David A. Duke, Billings, Montana, for defendant-appellant.

James E. Seykora and C. Ed Laws, Assistant United States Attorneys, Billings, Montana, for plaintiff-appellee.

Before: WRIGHT, SCHROEDER and WIGGINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Colton Benboe appeals the denial of his § 2255 motion to vacate his sentence for a firearm violation under 18 U.S.C. § 924(c)(1) to which he pleaded guilty. Two Supreme Court cases decided since his 1994 conviction

require us to reverse the district court's holding that he is guilty of the firearm conviction and to remand the § 2255 motion to allow him the opportunity to show that he is innocent of any more serious charges dismissed under the plea agreement, and therefore entitled to consideration of his § 2255 motion on the merits.

## BACKGROUND:

Pursuant to a plea agreement, Benboe pleaded guilty to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841, 846, and using or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The agreement specified a sentence of 60 months on each of the two charges, to be served consecutively. It also specified that as long as the ultimate sentence was 10 years, Benboe would take no appeal. The court imposed the agreed upon sentence and the government dismissed the remaining five charges pursuant to the plea agreement.

In 1995, the Supreme Court held that a "defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds," or for "placement of a firearm to provide a sense of security or to embolden." *Bailey v. United States*, 516 U.S. 137, 149, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Benboe then filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on *Bailey*. The district court denied the motion, holding that Benboe did not "use" the firearm, but that he "carried" it in relation to a drug trafficking crime.

Benboe moved twice to alter or amend the judgment, contending that he did not "carry" the firearm for purposes of § 924(c). The court held an evidentiary hearing and an in-chambers hearing with the parties and denied both motions. Benboe appeals.

## ANALYSIS:

### I  *Standard of Review*

██  This court reviews de novo a denial of a § 2255 motion and reviews for clear error the district court's findings of fact. *Sanchez v. United States*, 50 F.3d 1448, 1451–52 (9th Cir.1995).

## II  *Procedural Bar*

The government contends that Benboe is procedurally barred from collateral relief because a conviction pursuant to a guilty plea is treated with greater finality than a conviction after a jury trial and Benboe admitted in the plea that he carried or used a firearm in relation to a marijuana growing and distribution conspiracy. The government also argues that relief is barred under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which held that new rules of criminal procedure are not applicable to cases that became final before the new rule was announced. We reject both arguments.

### A.  **Collateral Relief After Guilty Plea**

██  We have held that even where a plea agreement specifies that no appeal will be taken, it does not waive the right to bring a § 2255 motion unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994). Benboe did not expressly waive his right to file for collateral relief.

### B.  *Teague v. Lane*

After the district court denied Benboe's § 2255 motion, the Supreme Court resolved a split among the circuits over the permissibility of post-*Bailey* collateral attacks on § 924(c)(1) convictions obtained pursuant to guilty pleas. *Bousley v. United States*, —— U.S. ——, ———– ——, 118 S.Ct. 1604, 1609–10, 140 L.Ed.2d 828 (1998). The Court stated that *Teague*'s limitation on collateral review applies only to procedural rules and is therefore inapplicable where, as in *Bailey*, the Court decides the meaning of a criminal statute. *Id.* at 1610. It said that its decisions "holding that a substantive federal criminal statute does not reach certain conduct ... necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" *Id.* at 1610 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109(1974).)

██  A *Bailey* issue therefore can·be used to challenge the constitutionality of a guilty plea in habeas proceedings. A guilty

plea is not made intelligently and is invalid if "neither [the defendant], nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged." *Id.* at 1609. The Court has long held that "a plea does not qualify as intelligent unless a criminal defendant receives 'real notice of the nature of the charge against him.'" *Id.* at 1607 (*citing Smith v. O'Grady*, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941)).

### C. Showing Required to Avoid Procedural Bar

The Court noted, however, that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review ... [or] if the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.'" *Id.* at 1610–1611.

The Court held that a *Bailey* challenge does not establish "cause" for procedural default and that Bousley would qualify to have his motion considered on the merits only if he could show actual innocence. *Id.* at 1611.

■ Actual innocence can be established if the petitioner demonstrates that "it is more likely than not that no reasonable juror would have convicted him." *Id.*

> 'Actual innocence' means factual innocence, not mere legal insufficiency.... In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in *Bailey.*

*Id.* at 1611–12.

The Court remanded Bousley's § 2255 motion because the district court had not considered his "actual innocence." On remand, the court was directed to allow Bousley to make that showing, and, if he did so, to consider on the merits his claim of an unintelligent plea. *Id.* at 1612.

The Court added that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 1612.

■ Here, Benboe does not specifically contend that his plea was involuntary or unintelligent. He does, however, argue that he is innocent of the § 924(c) charge as defined post-*Bailey.* Because he did not raise this issue on direct appeal, *Bousley* requires, in order for Benboe's § 2255 motion to be heard on the merits, that he first show that he is actually innocent not only of the § 924(c) charge, but also of any more serious charges dismissed pursuant to the plea agreement.[1]

We hold that Benboe is not procedurally barred from pursuing his § 2255 motion if he can show "actual innocence" on the § 924(c) charge and any more serious dismissed charges.

### III   Carrying a Firearm

Benboe contends that under *Bailey,* he did not "use or carry" a firearm as is required for conviction under § 924(c), and that the court erred in concluding that he "carried" a firearm based upon his guilty plea and his possession of a firearm in the same room with marijuana.

■ "Any attempt to contradict the factual basis of a valid plea must fail." *United States v. Morrison,* 113 F.3d 1020, 1021 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 583, 139 L.Ed.2d 421 (1997). Benboe, however, does not contest the facts. He does dispute the court's legal conclusion that the facts support his § 924(c) conviction.

*Bailey* held that "a defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds," or for "placement of a firearm to provide a sense of security or to embolden." *Bailey v. United States,* 516 U.S. at 149, 116 S.Ct. 1035. "[T]he inert presence of a firearm, without more, is not enough to trigger § 924(c)(1)." *Id.*

---

1.   The dismissed charges include four counts of manufacture of marijuana and/or possession with intent to distribute and/or distribution of marijuana, one count of unlawful use of a communication facility, and a school yard enhancement under 21 U.S.C. § 860.

Benboe acknowledged in the plea agreement that he had a marijuana grow operation in his home and maintained a loaded firearm which he carried and/or used in relation to the marijuana grow and marijuana conspiracy. The agreement stated that the government had no information that Benboe brandished or fired the firearm.

At the plea allocution, the court asked Benboe if he admitted that he was involved in the distribution of marijuana and that he had "possession of the firearm in the use of the drug transaction." Benboe said that he did.

After he sought collateral relief on the firearm conviction, the district court held an evidentiary hearing to determine whether, under *Bailey*, he "used" or "carried" a firearm for purposes of § 924(c). The transcript reveals that a firearm was found in or on furniture in the same room where marijuana was found, but no evidence was presented that Benboe carried the firearm on his person or in a vehicle in connection with a drug trafficking crime.

The court concluded that Benboe did not "use" the firearm, but that he "carried" it because he pleaded guilty to the 924(c) charge, he admitted in court that he possessed the firearm to be used in drug transactions, and had the loaded firearm in the same room with marijuana, within reach and immediately available for use. Accordingly, the court denied Benboe's § 2255 motion.

The facts do not support his § 924(c) conviction. Benboe's 1994 admission that he "used or carried" the firearm in relation to a drug crime is not sufficient because there is no factual basis in the record to support the conviction. Neither is there precedent for a "carrying" conviction where, as here, the defendant neither carried a firearm on his or her person nor knowingly possessed and conveyed a firearm in a vehicle. *See Muscarello v. United States*, — U.S. —, —, 118 S.Ct. 1911, 1919, 141 L.Ed.2d 111(1998).

We vacate the district court's denial of Benboe's § 2255 motion and remand with directions to allow him the opportunity to show that he is "actually innocent" of any dismissed charges that the court determines are more serious than the § 924(c) conviction of which he is innocent. If he makes such a showing or if the court finds that no more serious charges were dismissed, the court should consider on the merits whether his plea was unintelligent.