**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ridge Harvey DAWSON, Defendant–Appellant.**

No. 98–16625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1999.

Decided Oct. 6, 1999.

Timothy O'Toole and John C. Lambrose, Assistant Federal Public Defenders, Las Vegas, Nevada, for the defendant-appellant.

Walter L. Ayers, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Before: FLETCHER and SILVERMAN, Circuit Judges, and WALTER, District Judge.*

Opinion by Judge SILVERMAN; Dissent by Judge FLETCHER.

* The Honorable Donald E. Walter, District Judge for the Western District of Louisiana, sitting by designation.

SILVERMAN, Circuit Judge:

In 1977, in the course of accepting a guilty plea to robbery of a federal credit union, a district judge neglected to inform petitioner of his right to confrontation and his privilege against self-incrimination. Petitioner was sentenced to prison and long since served his time. Twenty years later, because the 1977 conviction was being used to enhance petitioner's sentence on new charges, petitioner sought to have the conviction set aside on the ground that the judge's error rendered the guilty plea invalid per se. We hold that defects in a guilty plea proceeding are evaluated like other errors of constitutional dimension. They merit relief only if they are not harmless. In this case, the record adequately supports the conclusion that petitioner was not prejudiced by the error. We affirm.

## OVERVIEW

Ridge Harvey Dawson appeals the district court's denial of his 28 U.S.C. § 2255 [1] motion to vacate, set aside, or correct his 1977 robbery conviction and his 1993 sentence as an armed career criminal under 18 U.S.C. § 924(e). On direct appeal of the 1993 sentence, we held, pursuant to *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), that section 924(e) did not permit Dawson to collaterally attack his 1977 prior conviction in the 1993 case. Dawson subsequently filed a section 2255 motion challenging the prior conviction and later enhancement. The district court denied his motion.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the denial of a section 2255 motion de novo and a district court's factual findings for clear error. *United States v. Benboe,* 157 F.3d 1181, 1183 (9th Cir.1998). We affirm.

1. Because the petition was filed in the district court prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), that statute does not apply to this case.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1977, Dawson pled guilty to robbing a federal credit union. He was sentenced to ten years' imprisonment, but was paroled in 1981. In 1986, prior to the expiration of his parole, the state of Nevada convicted him of possession of a controlled substance with intent to distribute, and he served time in prison until 1991.

In 1993, the federal government convicted him of possession of a controlled substance and being a felon in possession of a firearm. The district court sentenced him to 240 months' imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). On appeal, a panel of this court affirmed the sentence in an unpublished memorandum, holding that Dawson could not collaterally attack his 1977 conviction in the 1993 prosecution so long as he had been apprised of his right to counsel in the 1977 matter. *See United States v. Dawson,* 39 F.3d 1189, 1994 WL 594644 (9th Cir.1994).

Dawson subsequently brought a section 2255 action to set aside his 1993 sentence by collaterally attacking his 1977 robbery conviction. He argued that the court in 1977 had failed to ensure that he knowingly waived his constitutional rights when he pled guilty. The transcript of Dawson's change of plea shows that Judge Foley had not informed him of his privilege against self-incrimination and his right to confront and cross-examine witnesses. However, with the permission of Dawson's counsel, the judge permitted Dawson's arraignment before a United States magistrate judge to be incorporated by reference into the change of plea proceedings. However, the transcript of the arraignment before the magistrate judge is unavailable; due to the passage of time, it has been purged.

In 1998, Judge George held that Dawson did not establish that the magistrate judge failed to advise him of his rights. He also held that Dawson's familiarity with the criminal justice system suggested that he knew of the rights he was waiving. Judge George found that Dawson's assertion that he never would have pled guilty had he been properly advised of his rights was not credible. Relief was denied.

## DISCUSSION

### I.

The government contends first that the doctrine of law of the case precludes Dawson from attacking his 1977 plea. It argues that we previously rejected his claim on direct appeal. This is incorrect. In our memorandum affirming Dawson's conviction and sentence, we never reached the validity of the 1977 conviction, holding only that the 1977 conviction could not be collaterally attacked in the direct appeal of the 1993 case. *See Custis v. United States,* 511 U.S. 485, 496–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

The government also contends that Dawson abused the writ of habeas corpus by failing to raise his claims in prior motions. However, the government has waived its right to assert abuse of the writ because it did not present this argument to the district court. *See Harris v. Pulley,* 885 F.2d 1354, 1367 (9th Cir.1988).

### II.

Rule 11(c) of the Federal Rules of Criminal Procedure requires a district court judge to explain to a defendant who is pleading guilty the rights he is waiving by entering such a plea. The Rule provides:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> \* \* \* \* \* \*
>
> (3) that the defendant has the right to plead guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse wit-

nesses, and the right against compelled self-incrimination . . .

Fed.R.Crim.P. 11(c). The rule also contains a harmless error provision, which states that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h).

■ The transcript of the proceedings before the district judge makes clear that the judge failed to inform Dawson of his right to confront and cross-examine witnesses and his right against self-incrimination. The incorporation of the record of proceedings before the magistrate judge did not cure this error. The government has not shown that in 1977, magistrate judges in Nevada customarily went through the equivalent of a guilty plea canvass at the time of arraignment. Nonetheless, to successfully challenge his 1977 guilty plea through this section 2255 action, Dawson must "establish that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." *United States v. Grewal*, 825 F.2d 220, 222 (9th Cir.1987).

■ The district court found that the judge's mistake in 1977 did not prejudice Dawson. The court based its finding in part on Dawson's recent experience in other criminal cases, which suggested that he knew the rights he waived by pleading guilty. The court noted that less than two months before the 1977 guilty plea at issue, Dawson pled guilty to a state criminal charge after the court clearly advised him of his right to confrontation and his privilege against self-incrimination. The United States Supreme Court has held that such use of a defendant's criminal history is proper. *See Parke v. Raley*, 506 U.S. 20, 36, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) ("We have previously treated evidence of a defendant's prior experience with the criminal justice system as relevant to the question whether he knowingly waived constitutional rights. . . .").

The district judge neither erred in undertaking the prejudice inquiry nor made clearly erroneous factual findings. This court's opinion in *United States v. Gastelum*, 16 F.3d 996 (9th Cir.1994), does not compel a different result. In that case, we held that the district court's failure to inform a defendant of his rights until after it had accepted his guilty plea mandated the vacatur of his conviction and an opportunity for him to enter a new plea. *Id.* at 997. The panel found that the judge's error could not be harmless because it deprived the defendant of the substantial right to understand what he waived by pleading guilty. *Id.* at 999.

*Gastelum* is distinguishable from the instant case. First, *Gastelum* involved a direct appeal. In contrast, Dawson chose not to appeal directly, but rather waited 20 years to assert that he never knew which rights he was waiving. Second, Dawson's criminal history was a relevant and properly considered factor in the district court's finding that he was not prejudiced by the error. *See Parke*, 506 U.S. at 36, 113 S.Ct. 517. Although the panel in *Gastelum* explained that a court must resolve claims of *noncompliance* with Rule 11 solely on the basis of the transcript of the proceeding in question, it did not preclude a court's examination of other factors in making its *prejudice* inquiry. To hold otherwise would be inconsistent with the Supreme Court's approval of the use of a defendant's criminal history in deciding whether the defendant knowingly waived constitutional rights.

In addition, to the extent that *Gastelum* can be read to hold that a judge's failure to comply with Rule 11 never can be harmless error, it is undermined by the Supreme Court's reasoning in *Calderon v. Coleman*, 525 U.S. 141, 119 S.Ct. 500, —— L.Ed.2d —— (1998). In that case, the Court explained that a defendant was not entitled to habeas relief because of an unconstitutional jury instruction in the absence of a finding "that the error, in the whole context of the particular case, had a substantial and injurious effect or influence on the jury's verdict." *Id.* at 503–04.

"As the Court has recognized on numerous occasions, some constitutional errors do not entitle the defendant to relief, particularly habeas relief." *Id.* at 503. And in *Peguero v. United States,* —— U.S. ——, ——, 119 S.Ct. 961, 963, 143 L.Ed.2d 18 (1999), the Supreme Court held "that a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice."

In the instant case, the judge found that Dawson, who at all times was represented by counsel, knew that he was waiving his right of confrontation and his privilege against self-incrimination. This finding is fully supported by Dawson's then-recent experiences in other criminal cases. The judge also found incredible Dawson's contention that he never would have pled guilty had the guilty plea colloquy been conducted perfectly. He concluded that "at the time of his guilty plea in 1977, Dawson knew of and voluntarily waived these constitutional rights." These factual findings are not clearly erroneous. Dawson is not entitled to habeas relief.

AFFIRMED.

FLETCHER, Circuit Judge, Dissenting:

I respectfully dissent from that part of the majority opinion that holds that although Rule 11(c)(3) was not complied with, the error was harmless under Rule 11(h) because Dawson failed to establish that he was prejudiced by the trial court's error. Failure to inform a defendant of his right to confrontation and his privilege against self-incrimination is more than "a minor or technical violation of Rule 11." *United States v. Graibe,* 946 F.2d 1428, 1433 (9th Cir.1991). The Advisory Committee notes to Rule 11(h) emphasize the limited scope of harmless error analysis for Rule 11 violations. Commenting on the amendment that added (h) to Rule 11, the Committee said "[S]ubdivision (h) should *not* be read as supporting extreme or speculative harmless error claims or as, in effect, nullifying important Rule 11 safeguards." Fed.R.Crim.Pro. 11(h), Notes of the Advisory Committee to the 1983

Amendment. It lists the following three examples as ones that could be harmless:

[First], where the judge's compliance with subdivision (c)(1) was not absolutely complete, in that some essential element of the crime was not mentioned, but the defendant's responses clearly indicate his awareness of that element. [Second], where the judge's compliance with subdivision (c)(2) was erroneous in part in that the judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings. [Third], where the judge completely failed to comply with subdivision (c)(5), which of course has no bearing on the validity of the plea itself.

*Id.* Further on it emphasizes a "second cautionary note ... that subdivision (h) should *not* be read as an invitation to trial judges to take a more casual approach to Rule 11 proceedings." *Id.* The error in the case at bar is not the kind of Rule 11 violation which might be found to constitute harmless error under Rule 11(h). That the Supreme Court has held in other contexts that "some constitutional errors do not entitle the defendant to ... habeas relief," *Calderon v. Coleman,* 525 U.S. 141, 119 S.Ct. 500, —— L.Ed.2d.—— (1998), is not relevant here where the rule itself clearly delimits the scope of its harmless error provision.

Once the defendant has established a non-technical violation of Rule 11, the burden rests squarely on the government to show the validity of the plea. The government must prove affirmatively that Dawson entered his plea with a complete understanding of the rights he was waiving. *See United States v. Cornelius,* 999 F.2d 1293, 1294 (8th Cir.1993) (noting that once a defendant demonstrates that a plea taking was not in accordance with *Boykin,* the government can cure the defect by affirmatively proving the plea was voluntary and intelligent). The burden is *not* on Dawson to "establish that he was prejudiced in that he was unaware of the conse-

quences of his plea, and, if properly advised, would not have pleaded guilty." *United States v. Grewal*, 825 F.2d 220, 222 (9th Cir.1987), *citing United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634; *United States v. Rivera–Ramirez*, 715 F.2d 453, 456 (9th Cir.1983). *Grewal* and the cases cited therein deal with *technical* violations of Rule 11, and thus are inapplicable to the case at bar where the district court's violation of Rule 11 affected Dawson's "substantial rights."

As for the prejudice analysis, we have held that prejudice inheres in the trial court's failure to comply with Rule 11. "Prejudice ... is established when lack of understanding in a specific and material respect is sufficiently alleged and such asserted lack, if it existed, would have been disclosed by a proper examination by the trial judge." *Heiden v. United States*, 353 F.2d 53 (9th Cir.1965). Such is the case here. We have recognized that Rule 11 is mandatory, *Munich v. United States*, 337 F.2d 356 (9th Cir.1964) and that "we take the Rule 11 mandate quite literally." *United States v. Roberts*, 5 F.3d 365 (9th Cir.1993). Dawson would be prejudiced by now being required "to resort to the relatively uncertain business," *Heiden*, 353 F.2d at 55, of proving his state of mind some twenty-two years ago because of a failure of the court, at the time of accepting the plea, to make the necessary ascertainment of understanding of the waiver.

The majority cavalierly disregards *Gastelum*'s unequivocal holding that claims of noncompliance with Rule 11 must be resolved solely on the basis of the transcript of the proceeding in question. *See United States v. Gastelum*, 16 F.3d 996, 998–99 (9th Cir.1994), *citing United States v. Jaramillo–Suarez*, 857 F.2d 1368, 1372–73 (9th Cir.1988); *United States v. Kamer*, 781 F.2d 1380, 1383 (9th Cir.1986); *see also United States v. VanDoren*, 182 F.3d 1077, 1082 (9th Cir.1999). The majority states that *Gastelum* does not "preclude a court's examination of other factors in making its prejudice inquiry." But *Gastelum* understood that there is no need for an analysis of prejudice once it has been

determined that Rule 11(c)(3) was violated and the error was not harmless within the meaning of Rule 11(h). Moreover, *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), relied on by the majority, does not hold that a criminal defendant's criminal history is a relevant and properly considered factor in the prejudice analysis under Rule 11. The Court in *Parke* merely deferred to factual determinations by Kentucky courts regarding the knowingness of the waiver of constitutional rights pursuant to a Kentucky statute. *See id.* at 36, 113 S.Ct. 517. In making that determination, the Kentucky Court of Appeals had looked at, as one of several factors, the terms of the defendant's prior guilty plea. *Id.* The *Parke* court simply agreed to respect the state court's findings of fact.

I conclude that the government has not met its burden of showing that Dawson knowingly and voluntarily waived his rights. I would hold that Dawson's 1977 conviction cannot be used for sentencing purposes in this case and would remand to the district court to recalculate the sentence for his 1993 conviction.