**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph D. PINELLA, Defendant–**
**Appellant.**

**No. 01–16345.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 16, 2003.

Before: RYMER, THOMAS and SILVERMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Joseph D. Pinella appeals the district court's denial of his 28 U.S.C. § 2255 motion, which challenges his conviction and 254–month sentence for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *United States v. Benboe,* 157 F.3d 1181, 1183 (9th Cir.1998), we affirm.

Pinella alleges that his trial counsel was ineffective because, before he pled guilty, counsel made incorrect promises to him regarding the possibility of a U.S.S.G. § 5K1.1 substantial assistance departure. However, Pinella had not yet provided any assistance to the government, the evidence against him was overwhelming, a Supreme Court case recently had dealt a significant blow to his defense strategy, and he was facing a potential life sentence. Given this record, it is irrational to believe that Pinella would not have accepted the plea in the absence of counsel's alleged promises regarding substantial assistance. Thus, Pinella has not shown that "there is a reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Because Pinella has not shown ineffective assistance of counsel, he also has not shown that his plea was involuntary.[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We do not address Pinella's argument regarding the handwriting exemplars because this issue was not included in the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam). To the extent Pinella describes other instances of alleged poor performance by his counsel, we do not address them because he has not argued that these instances constitute ineffective assistance of counsel. *See Laboa v. Calderon,* 224 F.3d 972, 981 n. 6 (9th Cir.2000) (stating that the Court ordinarily does not consider issues not specifically and distinctly argued in the opening brief). We deny Pinella's request to broaden the certificate of appealability.