**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Faustino OROZCO–CONTRERAS,**
**Defendant–Appellant.**

No. 03–55148.

D.C. Nos. CV–02–02313–RSWL,
CR–00–00334–RSWL.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 21, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

### MEMORANDUM**

Faustino Orozco–Contreras appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion, which challenges his conviction and 108–month sentence for conspiracy to possess with intent to distribute or to distribute heroin. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We review the denial de novo and any findings of fact for clear error, *United States v. Benboe,* 157 F.3d 1181, 1183 (9th Cir.1998), and we review the decision not to hold an evidentiary hearing for abuse of discretion, *Frazer v. United States,* 18 F.3d 778, 781 (9th Cir.1994). We affirm.[1]

▮ Orozco–Contreras contends that trial counsel was ineffective because counsel did not file a notice of appeal. However, the district court did not clearly err in determining that the evidence submitted establishes that counsel consulted with Orozco–Contreras, who indicated that he did not want counsel to file an appeal. Thus, Orozco–Contreras has not shown that counsel's performance was deficient. *See Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."); *Frazer,* 18 F.3d at 781 (stating that a district court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record") (internal quotation marks omitted).

▮ Orozco–Contreras also contends that trial counsel was ineffective because counsel did not argue for a downward departure based on sentencing entrapment. The district court concluded that Orozco–Contreras had not shown that the result of the proceeding would have been different even if counsel had made this argument, and we cannot say that this conclusion was in error. Thus, Orozco–Contreras has not shown prejudice. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that ineffective assistance of counsel requires a showing of prejudice, which "is a reasonable probability that, but for counsel's un-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This appeal is timely because no separate judgment was entered. *See McCalden v. Cal.*

*Library Ass'n,* 955 F.2d 1214, 1219 (9th Cir. 1990) (concluding that when the district court failed to enter a separate judgment, the time for filing a notice of appeal never began to run and the appeal was therefore timely).

professional errors, the result of the proceeding would have been different").

The district court therefore properly denied Orozco–Contreras's motion.[2]

**AFFIRMED.**

**2.** We do not address Orozco–Contreras's other arguments because they are not included in the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam) (stating that the Court of Appeals does not consider issues not included in the certificate of appealability).

