**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TARA MAZZEO, <br><br> Defendant-Appellant. | No. 17-15693 <br><br> D.C. No. 2:16-cr-00886-JCM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted July 13, 2018
San Francisco, California

Before: HAWKINS, BEA, HURWITZ, Circuit Judges.

Tara Mazzeo appeals the district court's denial of her 28 U.S.C. § 2255

motion to vacate, set aside, or correct her 2013 conviction and sentence for two

counts of making false statements to the Internal Revenue Service, in violation of

18 U.S.C. § 1001. Reviewing de novo, *see United States v. Ratigan*, 351 F.3d 957,

961 (9th Cir. 2003) (citing *United States v. Benboe*, 157 F.3d 1181, 1183 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1998)), we hold that the district court did not err when it found that Mazzeo failed to demonstrate ineffective assistance of counsel. We therefore affirm.[1]

To prevail on a claim of ineffective assistance of counsel, Mazzeo must show both that her counsel's performance was deficient and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). She established neither prong here.

First, it was not objectively unreasonable for Mazzeo's counsel to allow the jury to be instructed based on Ninth Circuit model jury instructions. *See id.* at 687–88 ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."). In evaluating claims for ineffective assistance of counsel, we ask "whether an attorney's representation amounted to *incompetence* under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (emphasis added) (quoting *Strickland*, 466 U.S. at 690). Although it may be best practice to lodge objections to jury instructions even when they are consistent with prevailing law, an attorney's failure to do so does not amount to constitutionally deficient performance.

---

[1] Because the parties are familiar with the facts and procedural history of this case, we need not recount them here.

Second, Mazzeo has failed to show prejudice because the jury instruction to which she now objects was—and still is—consistent with prevailing circuit law. *See United States v. Tatoyan*, 474 F.3d 1174, 1182 (9th Cir. 2007) (holding that "willfully" in 18 U.S.C. § 1001 means only "deliberately and with knowledge"). To show prejudice, Mazzeo would have to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In other words, she would have to prove that, had her attorney lodged an objection, it is reasonably probable the district court would have instructed the jury that § 1001 requires the government to prove she acted with knowledge that her conduct was unlawful. Given that such an instruction would be a misstatement of the law under *Tatoyan*, it is not reasonably probable that the district court would have adopted it—indeed, such an instruction would have been error. *See Hunter v. County of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (stating that a jury instruction's misstatement of the law is reversible error unless harmless).

**AFFIRMED.**