**UNITED STATES of America**

v.

**Troy LLOYD, Appellant.**

**No. 98–7480.**

United States Court of Appeals,
Third Circuit.

Argued April 27, 1999.

Filed Aug. 13, 1999.

David M. Barasch, United States Attorney, Theodore B. Smith, III (Argued), Office of the United States Attorney, Harrisburg, PA, for Appellee.

Daniel I. Siegel (Argued), James V. Wade, Lori J. Ulrich, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: MANSMANN, WEIS and GIBSON,* Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this appeal we must first determine whether a petition filed pursuant to 28 U.S.C. § 2255 (the Antiterrorism and Effective Death Penalty Act, hereinafter the "AEDPA"), challenging Appellant Lloyd's sentence under 18 U.S.C. § 924(c)(1) as invalid in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), was within the AEDPA's statute of

---

* Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

limitations. The District Court held Lloyd's petition to vacate his conviction was time-barred because it was filed more than one year from his date of conviction and the effective date of the AEDPA.

The District Court further held that Lloyd could not raise his *Bailey* claim on collateral review because he could not satisfy the requirements for excusing his procedural default on direct review. The District Court concluded, as necessary to its holding, that Lloyd could not prove he was actually innocent of a dismissed count, as required under *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). We must therefore also consider whether Lloyd was required to demonstrate actual innocence of that count under *Bousley*.

Because we find that Lloyd's petition was timely under § 2255(3) when filed within one year of the Supreme Court's determination in *Bousley* of retroactive applicability of the new right it earlier recognized in *Bailey* (and within one year of this Court's first retroactive application of that right), and because we also find that Lloyd was not required to demonstrate actual innocence of a foregone, less serious charge, we will reverse the decision of the District Court and remand for further proceedings.

## I.

In April, 1992, Lloyd was charged in a two-count indictment with (1) using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and (2) being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Pursuant to an August, 1992 plea agreement, Lloyd entered a conditional plea of guilty to Count I, the government dismissed Count II,[1] and Lloyd was subsequently sentenced

---

1. The Presentence Report calculated a potential sentence of 27 to 33 months imprisonment on the dismissed count.

to a mandatory term of five years imprisonment on Count I, consecutive to state terms he was serving at the time of sentencing.[2]

In December, 1995, the Supreme Court issued its opinion in *Bailey*, 516 U.S. at 144, 116 S.Ct. 501, holding that § 924(c)(1)'s "use" prong requires the government to prove "active employment of the firearm."[3] Because *Bailey* vacated a conviction on direct appeal, the Supreme Court did not address whether the issue could be raised on collateral review. During 1996 and 1997, however, the Courts of Appeals began to recognize the applicability of *Bailey* on collateral review.[4] In January, 1998, Lloyd filed his petition pursuant to the AEDPA challenging his sentence in light of *Bailey*. In accordance with the government's suggestion, the District Court deferred ruling on the petition until the Supreme Court rendered its decision in *Bousley*. With its May, 1998 decision in *Bousley*, the Supreme Court recognized the right to raise a *Bailey* claim on collateral review. It also held, however, that a petitioner who has procedurally defaulted his claim by failing to raise it on direct review may only raise it collaterally if he can first demonstrate either cause and ac-

tual prejudice, or that he is actually innocent of the § 924(c) conviction and any "more serious charges" dismissed in the plea bargaining process.

As noted above, the District Court then found that Lloyd's petition to vacate his conviction was time-barred because it was filed more than one year from his date of conviction and the effective date of the AEDPA and that Lloyd's *Bailey* claim was procedurally defaulted in any event because Lloyd could prove neither (a) cause and actual prejudice nor (b) that he was actually innocent of both the § 924(c) conviction and the dismissed felon-in-possession charge, as required under *Bousley*. This appeal timely followed.

■ Our appellate jurisdiction is pursuant to 28 U.S.C. §§ 1291 and 2253(a),[5] and we exercise plenary review of the District Court's decision to deny Lloyd's § 2255 motion. *See United States v. Cleary*, 46 F.3d 307, 309–10 (3d Cir.1995), *cert. den'd*, 516 U.S. 890, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995).

## II.

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255, which be-

---

2. Lloyd currently continues to serve his state sentence at a State Correctional Institution in Cresson, Pennsylvania.

3. It appears that had this standard—rather than one requiring a showing of "close proximity"—been in effect at the time of the plea, the evidence would have been insufficient to convict Lloyd on Count I of the indictment. *See* note 12, *infra*.

4. *See, e.g., In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir.1997) ("[T]he government has conceded that Bailey should be applied retroactively, ... and courts have applied it retroactively on collateral review ....") (citing *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir.1996)); *In Re Vial*, 115 F.3d 1192, 1196 n. 8 (4th Cir.1997) (noting that "lower federal courts [have] uniformly rule[d] in favor of collateral availability", and citing cases). *Cf. United States v. Davis*, 112 F.3d 118 (3d Cir.1997) (affirming judgment of sentence after District Court granted post-conviction relief under *Bailey*, although not explicitly ruling on applicability of *Bailey* on

collateral review). *But see Bousley v. Brooks*, 97 F.3d 284 (8th Cir.1996), *rev'd sub nom Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

5. In its Brief on appeal, the government suggested that if Lloyd had completed his *federal* sentence, he would not be "in custody" for purposes of § 2255, in which event we would lack subject-matter jurisdiction. *See* Brief of Appellee at n.1 ("If defendant is in state custody awaiting commencement of his federal sentence, this is sufficient. On the other hand, if defendant has served his federal sentence ..., he is not "in custody" for section 2255 purposes.... The undersigned suspects that the former is true, and that defendant is therefore "in custody"....") Information subsequently provided by Lloyd at our request confirms that he continues to serve his state sentence and has not yet begun to serve his federal sentence. Our jurisdiction is therefore apparent.

came effective on April 24, 1996, requires a defendant to file a § 2255 motion no more than one year after the latest of four specified events. It provides in relevant part:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

\* \* \* \* \* \*

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

\* \* \* \* \* \*

The District Court concluded that subsection (3) did not apply because *Bailey* did not recognize a new right, but simply corrected a statutory interpretation.[6] The District Court therefore held Lloyd's motion to be time-barred because it was filed several years after Lloyd's conviction became final[7] and more than one year from the effective date of the AEDPA.

We find, however, that the one-year statute of limitations period is indeed determined in this case by application of subsection (3). In *Bailey*, the Supreme Court recognized for the first time, contrary to the law applied in this Circuit at the time of Lloyd's conviction, that "use" under § 924(c)(1) requires active employment of a firearm. This amounted to recognition of a new right on the part of defendants whose conduct did not meet this test to be free from the associated penalties. That the right is founded on statutory interpretation rather than on a new rule of constitutional law is of no moment for purposes of the limitation period under § 2255.[8]

In *Bousley* the Supreme Court resolved a split among the Circuits by holding that the right recognized in *Bailey* is retroactively applicable on collateral review. We recognize that the AEDPA's phrase "made retroactively applicable to cases on collateral review" is ambiguous, because it does not specify by whom the right must be made applicable. In interpreting this ambiguous limitations provisions we are mindful of the core purpose of collateral review to minimize the "risk that a defendant stands convicted of 'an act that the law does not make criminal.'" *Bousley*, 523 U.S. at ——, 118 S.Ct. at 1610. Accordingly, we believe the statute should be interpreted in a manner that preserves a reasonable opportunity for assertion of newly recognized rights.[9] We therefore reject the government's con-

---

**6.** *See* Memorandum at 4 ("[A]s stated in *Bousley, Bailey* did not recognize a new right; it simply corrected an interpretation of a federal criminal statute by some lower courts."). *Cf.* Brief of Appellee at 19 (discussing *Bousley 's* holdings with regard to the "right newly recognized by the Supreme Court in *Bailey* " and the "new rule of law announced in *Bailey* "). As the government notes, *Bailey* "construe[d] the statute under which defendant was convicted in ... a way ... contrary to the law prevailing in this and every other Circuit at the time of the conviction." Brief of Appellee at 17.

**7.** Lloyd's conviction became final when the Supreme Court denied certiorari in June 1993. *See Kapral v. United States*, 166 F.3d 565, 570–71 (3d Cir.1999).

**8.** We read the requirement of a newly recognized right as broader than the "new rule of law" expressly required for second or successive § 2255 motions. *Cf. Triestman v. United States*, 124 F.3d 361, 372 (2d Cir.1997) ("[T]o the extent that[the defendant] relies on *Bailey*, his claim is new, but not constitutional.").

**9.** The need to afford a fair opportunity to challenge conviction following reinterpretation of a criminal statute has constitutional implications. *See Dorsainvil*, 119 F.3d at 248 ("Were no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue."); *Triestman*, 124 F.3d at 363 ("We conclude that serious constitutional questions would arise if a person who can prove his actual innocence on the existing record—and who could not have effectively

struction under which the period of limitations would commence when one of the lower federal courts applies a new right collaterally, or when the government concedes its retroactive applicability (or even when media accounts predict its retroactive applicability), because such a construction would not be reasonably calculated to assure notice of the availability of the right (especially to prisoners without legal counsel), and would not provide a clearly ascertainable starting point for the one year period.

■ We need not decide whether a right must be made applicable on collateral

review by the Supreme Court in order to commence the limitations period,[10] or whether its retroactive application by the Court of Appeals for the Circuit encompassing the District Court in which a prisoner was sentenced will suffice, because Lloyd's petition—filed not later than one year after the Supreme Court's May, 1998 *Bousley* decision and this Court's April, 1997 *Davis* decision—was timely under either rule.

### III.

■ *Bousley* requires that in seeking post-conviction relief under *Bailey* a peti-

---

raised his claim of innocence at an earlier time—had no access to judicial review.").

In *Dorsainvil*, we held that a prisoner who was precluded by the AEDPA's limitation on successive or second petitions from seeking collateral review—under § 2255—of claims based on statutory reinterpretation would be permitted to bring a writ of habeas corpus under 18 U.S.C. § 2241(c)(3), thus avoiding an issue as to the constitutionality of the AEDPA. *See id.* at 248–49, 251–52 (holding that where the § 2255 procedure is "inadequate or ineffective" the habeas corpus remedy remains open and declining to reach the constitutional issue) (citing *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977)); *id.* at 250 (observing that "[A] Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law 'presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' ") (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). Other Courts of Appeals have made similar holdings. *See Triestman*, 124 F.3d at 370 (explaining that § 2255 expressly provides that "a federal prisoner may seek habeas relief if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his conviction' "); *United States v. Lorentsen*, 106 F.3d 278 (9th Cir.1997).

The same alternative avenue of relief would be available to prisoners whose § 2255 petitions are time barred under the AEDPA's new one year statute of limitations. However, because § 2255 is the preferred vehicle for collateral relief, *see Dorsainvil*, 119 F.3d at 250 (noting that "habeas corpus under § 2241 is now reserved for rare cases"), we will interpret the AEDPA's limitations liberally to permit review. *See generally* Note, The Avoid-

ance of Constitutional Questions and the Preservation of Judicial Review: Federal Court Treatment of the New Habeas Provisions, 111 Harv. L.Rev. 1578 (April, 1998) (summarizing the courts' consistently liberal interpretation of the AEDPA to avoid constitutional difficulties, in accordance with longstanding canons).

10. This is the interpretation adopted by the Fourth Circuit. *See Vial*, 115 F.3d at 1197, n. 9 ("Vial's assertion of a claim based upon a new rule of law implicates clause (3) of the limitations provision. And, since the Supreme Court has not yet ruled on the collateral availability of the rule in *Bailey*, the limitations period has not yet begun to run. Therefore, Vial's motion for permission to institute a second or successive § 2255 proceeding is not time-barred."). *But see Triestman*, 124 F.3d at 371 & n. 13 (disagreeing with *Vial* and indicating that limitations period commenced with Supreme Court's decision in *Bailey* ).

The Fourth Circuit's interpretation, apparently allowing a petition under clause (3) at any time either before or up to one year after the Supreme Court's recognition of retroactivity, avoids imposing upon prisoners the burden of awaiting Supreme Court action on collateral review before allowing a one year window to challenge their convictions. As the Court recognized in *Vial*, such collateral review might never be granted by the Supreme Court if there is no conflict among lower federal courts as to collateral availability of a right recognized on direct review. *See Vial*, 115 F.3d at 1196 & n. 8. However, under the principles set forth in our *Dorsainvil* decision, if a prisoner were unable to bring a § 2255 petition prior to the Supreme Court making a new right applicable on collateral review, he would be permitted to proceed under § 2241.

**189**

tioner who did not raise his claim on direct appeal may excuse his default by proving his actual innocence of the § 924(c) conviction and any "more serious charges" dismissed in the plea bargaining process.[11] Lloyd asserts his innocence of the § 924(c) charge as interpreted in *Bailey* to require active employment of the firearm.[12] Moreover, our review of the Presentencing Report provisions for the respective counts leads us to conclude that the dismissed felon-in-possession count, which carried a sentencing guideline range of 27–33 months, was clearly not a "more serious charge" than the § 924(c) count on which Lloyd was sentenced to a mandatory five year consecutive term.[13] We therefore conclude that the District Court erred in its finding that Lloyd's *Bailey* claim was procedurally defaulted because *Bousley* requires Lloyd to demonstrate actual innocence of this dismissed count.

## IV.

Because we find that Lloyd's § 2255 petition is timely and that he has sufficiently alleged innocence of the offense of which he stands convicted, we will reverse the District Court's decision.

**11.** *See Bousley,* 523 U.S. at ——, 118 S.Ct. at 1612 ("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."); *see also United States v. Benboe,* 157 F.3d 1181, 1998 WL 682172 (9th Cir. 1998) (remanding case to district court to allow defendant opportunity to demonstrate innocence of any dismissed charges the court determined were more serious than the § 924(c) conviction). The apparent reason for requiring a showing of innocence on dismissed charges is that those charges often cannot be reinstated due to the running of the five-year statute of limitations. *See United States v. Midgley,* 142 F.3d 174 (3d Cir.1998).

The District Court may have been correct in characterizing the Supreme Court's reference to "more serious charges" as dictum. Nevertheless, it must be respected as a considered pronouncement to be followed in the federal system until and unless modified by the Supreme Court itself. *Town Sound and Custom Tops, Inc. v. Chrysler Motors Corp.,* 959 F.2d 468, 496 n. 41 (3d Cir.1992). The District Court's requirement that Lloyd demonstrate innocence of *any* dismissed charges was at odds with the Supreme Court's express formulation of the procedural conditions for relief.

**12.** Indeed, this count of the indictment was based on police officers' discovery of a gun wrapped in a towel inside a toilet tank during a search of a motel room from which Lloyd had exited and surrendered. *See* Brief of Appellee at 8; *cf.* Memorandum at 5 ("In opposing relief, the government does not attempt to show that it has additional evidence that the defendant was guilty of using a firearm. Instead, ... it asserts that the defendant cannot show that he was innocent of being a felon in possession....").

On appeal, the government asserts that it has not conceded that the evidence was insufficient to convict Lloyd of violating § 924(c) under the *Bailey* standard because the District Court's disposition on procedural grounds obviated the government's need to obtain and review its original case file and respond on the merits. *See* Brief of Appellee at 10 n. 4. Whether there is evidence to establish use of a firearm by Lloyd should be decided by the District Court on remand.

**13.** We reject as improper the comparison urged by the government of the general *maximum allowable* penalty for Count II to the mandatory penalty for Count I. Rather, it is the *actual* penalty prospectively assessed this defendant for each Count—determined in accordance with the refining criteria of the United States Sentencing Guidelines and set forth in the government's Presentencing Report—that is relevant to our comparison of the seriousness of the respective charges at the time of the plea bargain.