Rene Garcia MYLES, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 8:89–CR–40–T–17TGW.

United States District Court, M.D. Florida, Tampa Division.

June 20, 2003.

**1330**

Rene Garcia Myles, Coleman, FL, pro se.

Maria Chapa Lopez, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for U.S.

### *ORDER*

KOVACHEVICH, District Judge.

Petitioner Rene Garcia Myles (Myles), a federal inmate incarcerated at Coleman Correctional Institution, filed an undated writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 25, 2002. The Court construed the petition as a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and docketed the motion in Petitioner's criminal case number 8:89–cr–40–T–17MAP as Doc. No. 182.[1] Petitioner objected to the recharacterization of his petition as a motion to vacate. (Doc. No. 183)

The Court ordered the Government to respond to the construed § 2255 motion, which the Government did. (Doc. No. 187) Subsequent to the Government's responding to the motion to vacate, the Court ordered Petitioner to advise how he wanted to proceed. (*See* Doc. No. 188) Petitioner was adamant that he wanted to proceed under § 2241. (Doc. No. 189) However, the Court does not have jurisdiction to address this filing as a § 2241 petition. Therefore, the Court will address the claims under a § 2255 motion to vacate. **The issue is whether all of the grounds in the construed § 2255 motion to vacate are time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA).**

### Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act became effective on April 24,

---

**1.** All document numbers reflect document numbers in the criminal case.

1996. AEDPA requires that a defendant file a § 2255 motion no more than one year after the latest of four specified events. The two pertinent to this analysis are:

(1) the date on which the judgment of conviction becomes final; or

(3) the date which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

28 U.S.C. § 2255.

The Eleventh Circuit Court of Appeals held that defendants had to be given a reasonable time after the enactment of the AEDPA to file their § 2255 motions, and that a reasonable period was one year from the date of enactment of the AEDPA, or April 23, 1997. *Goodman v. United States,* 151 F.3d 1335, 1337 (11th Cir.1998); *United States v. Simmonds,* 111 F.3d 737, 745–46 (10 Cir.1997); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) ("[N]o collateral attack filed by April 23, 1997, may be dismissed under § 2244(d) [as revised by the AEDPA] and the parallel provision added to 28 U.S.C. § 2255 by § 105 of the [AEDPA]."), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

## Background

On July 27, 1989, Myles was convicted of four counts: (1) conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846; (2) manufacturing crack cocaine with intent to distribute more than 50 grams, in violation of 21 U.S.C. § 841(a)(1); (3) use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and, (4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. No. 124)

On October 20, 1989, Myles was sentenced to concurrent life sentences for counts one and two, and a concurrent 294 months sentence for count four, to be followed by a sixty-month term of imprisonment for count three, which ran consecutive to the sentences for counts one, two, and four. (Doc. Nos. 123, 124)

Myles appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, raising the following issues: (1) whether the motion to suppress evidence pursuant to an invalid warrant was improperly denied; (2) whether the admission of extrinsic evidence and alleged prosecutorial misconduct deprived him of a fair trial; (3) whether the evidence was sufficient to sustain his conviction that he "used" or "carried" a firearm in relation to a drug trafficking crime; and, (4) whether the trial court erred in treating Myles as a three-time drug offender, pursuant to 21 U.S.C. § 841(b)(1)(A).

On January 29, 1991, the Eleventh Circuit affirmed the conviction. *United States v. Myles,* 925 F.2d 1473 (11th Cir.), *cert. denied,* 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991). (Doc. No. 180)

## Present Motion to Vacate

Myles challenges his conviction on the following grounds: (1) the indictment was defective as it did not state a time period for the conspiracy; (2) the District Court was without jurisdiction to enhance Myles' sentence based on prior state felony convictions; (3) Myles is "actually innocent" of "use" of a firearm as defined in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) and required for conviction pursuant to 18 U.S.C. § 924(c)(4) the indictment was defective for failing to state the quantity of drugs as an element, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and, (4) he received ineffective assistance of counsel for failing to challenge the above stated issues.

The Government argues that Myles' § 2255 motion is time-barred in accor-

**1332**

dance with the AEDPA and procedurally barred. The Government also argues that Myles' *Bailey* claim may meet the narrow exception under the "savings clause" provision of 28 U.S.C. § 2255. (Doc. 187)

**Savings Clause under 28 U.S.C. § 2255**

Congress addressed, in § 2255, when a federal defendant must proceed under a § 2255 motion, or when the defendant may instead proceed under a § 2241 motion:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). The emphasized language is sometimes referred to as the "savings clause". *Bridges v. Vasquez,* 151 F.Supp.2d 1353, 1356 (N.D.Fla.2001).

▆▆▆ The Eleventh Circuit, in *Wofford v. Scott,* 177 F.3d 1236, 1238 (11th Cir. 1999), held that, prior to seeking relief using a section 2241 motion, a habeas petitioner must first demonstrate that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention" under the § 2255 savings clause. 28 U.S.C. § 2255; *see Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir.), *cert. denied,* 534 U.S. 1001, 122 S.Ct. 476, 151 L.Ed.2d 390 (2001). The Eleventh Circuit also held that the restrictions on § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *See Wofford,* 177 F.3d at 1237; *Jeffers,* 253 F.3d at 830. The § 2255 savings clause applies to claims when:

> 1) that claim is based upon a retroactively applicable Supreme Court deci-

sion; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in petition's trial, appeal, or first § 2241 motion.

*Wofford,* 177 F.3d at 1244. Only after "the savings clause of § 2255 applies to open the portal to a § 2241 proceeding," should a court consider the merits of what otherwise would be deemed an unauthorized habeas petition. *Wofford,* 177 F.3d at 1244.

### *Bailey v. United States*

Myles claims in ground three above that he is "actually innocent" of "use"of a firearm as defined in *Bailey,* and that his sentence must be modified to remove the consecutive sixty-month term of imprisonment imposed pursuant to count three.

In *Bailey,* the Supreme Court recognized a defendant's right to be free of criminal liability under § 924(c)(1) for conduct that had previously supported a conviction, and recognized a new right within the meaning of § 2255(3). *See United States v. Valdez,* 195 F.3d 544, 547 (9th Cir.1999); *United States v. Lloyd,* 188 F.3d 184, 187 (3rd Cir.1999). In *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court made *Bailey* retroactively applicable to cases on collateral appeal.

▆▆▆ In applying the *Wofford* "savings clause" 3–step test to Myles' *Bailey* claim, (1) the Supreme Court's holding establishes that Myles was convicted of a nonexistent offense; (2) the Supreme Court has held the *Bailey* decision to be retroactive; but, (3) although the *Bailey* decision was not available to Myles at trial or on direct appeal, the *Bailey* decision was available to Myles in a § 2255 motion under AEDPA during the year following the *Bousley*

decision that made the *Bailey* decision retroactively applicable to cases on collateral review. The one-year statute of limitations does apply to *Bailey* through application of § 2255(3). *Lloyd* 188 F.3d at 187–88; *United States v. Black*, 19 Fed.Appx. 78 (4th Cir.2001)(Petitioner's motion was untimely because the Supreme Court's decision in *Bousley*, which applied *Bailey* retroactively, preceded petitioner's § 2255 motion by over one year).

■ While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. *In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998); *Wofford*, 177 F.3d at 1236; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir.2000). More specifically, it has been clarified by this circuit and others that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Wofford*, 177 F.3d at 1236. *See also, In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir.1997); *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir.1997); *Davenport*, 147 F.3d at 609. The fact that Myles may not now utilize § 2255 because his one-year grace period has expired, does not automatically render § 2255 inadequate or ineffective to raise his *Bailey* claim. *Lurie*, 207 F.3d at 1077.

### Conclusion

Myles could have raised all of his claims, including his *Bailey* actual innocence claim, in a timely motion under either § 2255(1) or § 2255(3) during the year following the Supreme Court's decision in *Bousley*. The one-year grace period provided him with "a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to the inadequacy of the statute." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir.1999).

Myles has not presented any extraordinary circumstances for tolling the one-year limitations period.

Accordingly, the Court orders:

That Petitioner's construed motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 182) is denied, with prejudice. The Clerk is directed to terminate all pending motions, to enter judgment against Myles in Civil Case No. 8:02–cv–146–T–17MAP, and to close that case.