BLD-084                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4495
_____

IN RE: ERIC CRAFT,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Crim. No. 1:02-cr-00011-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 10, 2013

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 23, 2013)
_____

OPINION
_____

PER CURIAM

Eric Craft, a federal inmate proceeding pro se, has filed a petition for writ of

mandamus to command the District Court to reconsider its dismissal of his actual

innocence claim.  Because Craft has not demonstrated that he is entitled to mandamus

relief, we will deny his petition.

In September 2002, Craft pled guilty in the District Court to a superseding

information charging him with causing the death of a person through the use of a firearm

during a crime of violence or drug trafficking offense, in violation of 18 U.S.C. § 924(j). As part of the plea agreement, the Government agreed to dismiss a sixteen-count superseding indictment against Craft. In May 2003, the District Court sentenced Craft to 480 months' imprisonment. We affirmed Craft's judgment on direct appeal. See United States v. Craft, 139 F. App'x 372 (3d Cir. 2005). In December 2006, the District Court denied Craft's timely motion to vacate his sentence under 28 U.S.C. § 2255. We subsequently denied Craft's request for a certificate of appealability.

Since then, Craft has filed motions asserting that there is no factual basis for his conviction. In these motions, Craft asserts that he may present his claims through 28 U.S.C. § 2241 because he is actually innocent of the 18 U.S.C. § 924(j) offense. The District Court denied his motions on August 24, 2012, noting that Craft had not met his burden under United States v. Lloyd, 188 F.3d 184, 188-89 (3d Cir. 1999), of showing his actual innocence not only on the offense of conviction but also on any more serious charges dismissed through the plea agreement. On October 22, 2012, the District Court denied Craft's motions for reconsideration of its August 12, 2012 order. On November 29, 2012, the District Court denied two motions for reconsideration of the October 22, 2012 order and dismissed a third motion asserting actual innocence. On December 14, 2012, Craft filed the instant petition for a writ of mandamus seeking an order commanding the District Court to allow him to prove his actual innocence claim and reconsider his motions.

Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted).

Here, Craft has failed to demonstrate that there are no other adequate means to attain his desired relief. Craft has already filed multiple motions asserting his innocence; however, the District Court has repeatedly determined that Craft has failed to demonstrate his actual innocence not only of the offense of conviction but also the more serious charges contained in the dismissed superseding indictment. Additionally, the District Court's docket reflects that on January 2, 2013, Craft filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the District Court's orders of October 22, 2012 and November 29, 2012. Furthermore, Craft has appealed the District Court's November 29, 2012 order denying his latest motion asserting his actual innocence claim. That appeal is still pending before this Court and provides another avenue for Craft to attempt to attain his desired relief.

For the foregoing reasons, we will deny the petition for writ of mandamus.