GLD-094                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4492
_____

UNITED STATES OF AMERICA

v.

ERIC CRAFT,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:02-cr-00011-001)
District Judge:  Honorable William W. Caldwell

_____

Submitted for a Decision on the Issuance of a Certificate of Appealability and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013

Before: FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed: February 25, 2013)
_____

OPINION
_____

PER CURIAM

        Eric Craft, a federal prisoner currently incarcerated at FCI McKean in Bradford,

Pennsylvania and proceeding pro se, appeals from an order of the United States District

Court for the Middle District of Pennsylvania denying his motions for re-reconsideration

and dismissing his habeas corpus motion pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In 2002, Craft pled guilty to a superseding information charging him with causing the death of another by the use of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(j). In return, the Government agreed to dismiss the superseding indictment against Craft. The District Court subsequently sentenced him to 480 months' imprisonment, and we affirmed that sentence on direct appeal. See United States v. Craft, 139 F. App'x 372 (3d Cir. 2005). The District Court denied Craft's subsequent motion under 28 U.S.C. § 2255, and we declined to issue a certificate of appealability. See United States v. Craft, No. 07-1060 (3d Cir. July 30, 2007). Since then, Craft has filed various post-conviction motions, all of which have been denied.

In July and August 2012, Craft filed two motions asserting actual innocence of his crime of conviction. The District Court construed these motions as motions pursuant to § 2241 and dismissed them for lack of jurisdiction. In September 2012, Craft filed three motions repeating his actual innocence claims. The District Court construed these motions as timely motions for reconsideration under Fed. R. Civ. P. 59(e) and denied them. In October and November 2012, Craft filed the three motions that are the subject of this appeal. One motion asked for remand to allow him to demonstrate his actual innocence, one asked the District Court to reconsider its decision on his actual innocence

claim, and the third asserted a new actual innocence claim. The District Court construed the first two as motions for reconsideration of its October 22, 2012 order and denied them. Craft's third motion was treated as a § 2241 petition and dismissed for lack of jurisdiction. Craft then timely filed this appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact" with regard to the District Court's dismissal of a § 2241 petition. O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam); see also United States v. Friedland, 83 F.3d 1532, 1542 (3d Cir. 1996). We review a denial of a motion for reconsideration for abuse of discretion, but review a district court's underlying legal determinations de novo and its factual determinations for clear error. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The District Court properly denied Craft's motions for re-reconsideration. A motion for reconsideration (or re-reconsideration) "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer,

---

[1] A certificate of appealability is not required to appeal the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

3

591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Craft did not mention any of these grounds in his motions; instead, he merely reiterated his arguments for actual innocence that had already been rejected by the District Court. Accordingly, the District Court did not abuse its discretion in denying these motions.

The District Court also properly dismissed Craft's § 2241 petition. As an initial matter, a § 2241 petition must be filed in the district of confinement, which is the only district with jurisdiction to hear the challenge. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009); United States v. Ferri, 686 F.2d 147, 158-59 (3d Cir. 1982). Craft is currently incarcerated at FCI McKean, which is located within the Western District of Pennsylvania. Accordingly, the District Court lacked jurisdiction to consider the merits of Craft's petition because it is not the district of Craft's confinement. The District Court could have transferred Craft's filing to the Western District of Pennsylvania, but doing so would have been futile.

In his petition, Craft asks for his conviction and sentence to be vacated because of his actual innocence. Generally, federal prisoners challenge the validity of their convictions or sentences through motions pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343 (1974); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). § 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Craft did not seek certification from this Court to file a

4

second or successive § 2255 motion in which to bring this claim. See 28 U.S.C. § 2255(h). However, we have held that a motion under § 2255 is not "inadequate or ineffective" because the petitioner cannot meet the gatekeeping requirements of § 2255.[2] Cradle, 290 F.3d at 539.

In In re Dorsainvil, we held that § 2255 is "inadequate or ineffective" to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a second or successive § 2255 petition. 119 F.3d 245, 252 (3d Cir. 1997). In this situation, § 2241 may be available to prevent a "complete miscarriage of justice." Id. at 251. Craft does not assert that an intervening change in the law has rendered the conduct for which he was convicted non-criminal. Therefore, to proceed under § 2241, he must demonstrate actual innocence not only on the offense of conviction but also on any "'more serious charges' dismissed in the plea bargaining process." United States v. Lloyd, 188 F.3d 184, 189 (3d Cir. 1999) (citing Bousley v. United States, 523 U.S. 614, 624 (1998)).

As noted by the District Court in its August 24, 2012 order, the superseding indictment contained two "more serious charges." A conviction on Count Four of the

_____

[2] Craft cannot meet the requirements for filing a second or successive § 2255 motion. This Court must certify an application under § 2244 to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(2). Craft's motion asserts neither.

superseding indictment would have added a mandatory five-year consecutive sentence, while a conviction on Count Five would have added a mandatory twenty-five year consecutive sentence.

We agree that Craft has failed to meet his burden of demonstrating actual innocence. He has not provided evidence demonstrating that he is actually innocent of his offense of conviction. Furthermore, he has not shown that he is actually innocent of Counts Four and Five of the superseding indictment, the "more serious charges" dismissed by the Government as part of the plea agreement. While Craft does make some specific allegations regarding Counts One, Eleven, and Thirteen of the superseding indictment, we agree that these allegations do not establish innocence of these offenses. Accordingly, Craft cannot proceed under § 2241.

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.[3] See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[3] To the extent, if any, that Craft requires a certificate of appealability, we decline to issue one. See 28 U.S.C. § 2253(c).