**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3534
_____

RONALD IAN BOATWRIGHT,
                                                        Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-17-cv-04220)
District Judge: Honorable Renée Marie Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2018

Before: VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 31, 2018)

_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Ronald Ian Boatwright appeals from the dismissal of a habeas corpus petition that he filed under 28 U.S.C. § 2241. We will affirm.

I.

In 2012, Boatwright pleaded guilty in the Middle District of Pennsylvania to one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. The parties stipulated to a sentencing range of 100 to 120 months in prison under Fed. R. Crim. P. 11(c)(1)(C). Boatwright's Presentence Report later deemed him a career offender under U.S.S.G. § 4B1.1(a) because he had been convicted of two prior felony controlled substance offenses under 35 Pa. Stat. Ann. § 780-113(a)(30). With the career-offender enhancement, Boatwright's Guidelines range was 168-210 months. Without it, his range would have been 92-115 months. The District Court sentenced Boatwright to 110 months, which was the middle of the Rule 11(c)(1)(C) sentencing range. Boatwright did not file a direct appeal, and he has never filed a motion under 28 U.S.C. § 2255.

In 2017, Boatwright instituted the proceeding at issue here by filing pro se a § 2241 habeas petition in the District of New Jersey, which is his district of confinement. Boatwright claimed that, under the categorical approach as applied in Mathis v. United States, 136 S. Ct. 2243 (2016), his prior convictions no longer qualify as predicate

2

controlled substance offenses and he no longer is a career offender. The District Court

dismissed Boatwright's petition for lack of jurisdiction. He appeals pro se.[1]

II.

The District Court concluded that Boatwright could not proceed under § 2241

because (1) he could have asserted his Mathis claim in an initial motion under § 2255,

and (2) career-offender enhancements cannot be challenged under § 2241. We have not

decided the second issue, see United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015),

and we need not do so in this case because we agree with the District Court on the first.

Federal prisoners generally may collaterally challenge their sentences only by

filing a § 2255 motion with their sentencing court. See Bruce, 868 F.3d at 178. If the §

2255 remedy is "inadequate or ineffective to test the legality of [their] detention,"

however, then federal prisoners may collaterally challenge their sentences under § 2241

in their district of confinement. Id. (quoting 28 U.S.C. § 2255(e)). We thus far have

recognized only one narrow circumstance in which the § 2255 remedy is inadequate or

ineffective. See id. at 179 (discussing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

In Dorsainvil, after the petitioner already had filed an unsuccessful § 2255 motion,

the United States Supreme Court interpreted his statute of conviction in Bailey v. United

States, 516 U.S. 137 (1995), in a way that rendered his conduct non-criminal. The

petitioner could not seek relief in another § 2255 motion because successive § 2255

---

[1] Federal prisoners do not require a certificate of appealability to appeal from the denial of a § 2241 petition. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017). Thus, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

3

motions based on new law must be based on new rules of constitutional law and Bailey involved statutory construction rather than constitutional law. See Dorsainvil, 119 F.3d at 247-48. The petitioner also had no prior opportunity to raise his challenge in an initial § 2255 motion because Bailey was decided after his § 2255 proceeding was complete. See id. at 246, 251. In that "unusual circumstance," we concluded, the § 2255 remedy was inadequate and the petitioner could proceed under § 2241. Id. at 251.

Boatwright recognizes that the restrictions on filing successive § 2255 motions at issue in Dorsainvil do not apply to him because he has never filed a first § 2255 motion. He nevertheless argues that Dorsainvil allows him to proceed under § 2241 because a § 2255 motion would be barred by a different procedural obstacle—the statute of limitations. Section 2255 motions generally must be filed within one year of the date on which the conviction becomes final. See 28 U.S.C. § 2255(f)(1). If Boatwright had filed a § 2255 motion rather than a § 2241 petition, it would indeed have been untimely under that provision.

As the District Court noted, however, § 2255 contains an alternate commencement date for the one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." 28 U.S.C. § 2255(f)(3). Unlike new rules permitting successive § 2255 motions, new "rights" triggering § 2255(f)(3) need not be constitutional. See United States v. Lloyd, 188 F.3d 184, 187 n.8 (3d Cir. 1999), abrogated in part on other grounds

4

by <u>Dodd v. United States</u>, 545 U.S. 353, 357 (2005).[2] Thus, if <u>Mathis</u> recognized a new right for purposes of § 2255(f)(3), then Boatwright's petition would be timely if brought as a § 2255 motion because he filed it within one year of the date <u>Mathis</u> was decided.

The parties agree that Boatwright's petition is untimely under this provision, and that he cannot proceed under § 2255, because <u>Mathis</u> is not "new." Every Court of Appeals to have addressed <u>Mathis</u> in this context or the context of successiveness—which requires a "new rule," 28 U.S.C. § 2255(h)(2)—has so concluded. <u>See, e.g.</u>, <u>Dimott v. United States</u>, 881 F.3d 232, 237 (1st Cir. 2018), <u>cert. denied</u>, No. 17-1251, 2018 WL 1243146 (U.S. June 25, 2018); <u>In re Conzelmann</u>, 872 F.3d 375, 376-77 (6th Cir. 2017) (collecting cases). Other courts have concluded that <u>Mathis</u>'s immediate predecessor, <u>Descamps v. United States</u>, 570 U.S. 254 (2013), is not "new" for purposes of § 2255(f)(3) either. <u>See, e.g.</u>, <u>Beeman v. United States</u>, 871 F.3d 1215, 1219-20 (11th Cir. 2017); <u>United States v. Morgan</u>, 845 F.3d 664, 666-67 (5th Cir. 2017) (collecting cases). Their reasoning would appear to apply with equal force to <u>Mathis</u> as well.

We have not decided whether <u>Mathis</u> recognized a new right for purposes of § 2255(f)(3), but we need not do so to conclude that Boatwright cannot resort to § 2241. If <u>Mathis</u> is new, then Boatwright could have timely asserted his claim in a § 2255 motion and was required to use that "preferred vehicle" regardless of whether his claim could otherwise be brought under § 2241. <u>Lloyd</u>, 188 F.3d at 187 n.9. If <u>Mathis</u> is not new, by

---

[2] <u>Dodd</u> holds that, under § 2255(f)(3), the statute of limitations runs from the date on which the Supreme Court newly recognizes a right rather than the date on which that right is made retroactive. <u>Lloyd</u> held otherwise, and <u>Dodd</u> abrogates it to that extent.

contrast, then Boatwright could have raised his claim in a timely § 2255 motion before.[3]

Either way, there is no basis to permit him to proceed under § 2241.

Thus, the District Court correctly denied Boatwright resort to that provision. The District Court did not address the possibility of transferring his petition to his sentencing court for treatment as a § 2255 motion in order to preserve its filing date for statute of limitations purposes. We decline to order the District Court to transfer it because, among other things, Boatwright has taken the position that his petition is untimely under § 2255 and he chose not to attempt to proceed thereunder.

Nevertheless, our ruling is without prejudice to Boatwright's ability to file a motion under Fed. R. Civ. P. 60(b) with the District Court requesting that it transfer his petition to his sentencing court pursuant to 28 U.S.C. § 1631. We express no opinion on whether a transfer would be warranted or on whether Boatwright's petition would be timely if treated as a § 2255 motion. Boatwright is advised that treatment of his petition as a § 2255 motion would trigger the restrictions on filing second or successive § 2255 motions contained in 28 U.S.C. § 2255(h). See Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999).

---

[3] If Mathis is not new, then it would be because Boatwright's challenge was available at least by the time the Supreme Court decided Descamps on June 20, 2013. His conviction became final about six months before that on January 13, 2013. Thus, Boatwright would have had approximately six months to raise a claim under Descamps that would have been timely as measured from the date of his conviction, see 28 U.S.C. § 2255(f)(1), regardless of whether Descamps itself was "new."

6

III.

For these reasons, we will affirm the judgment of the District Court.[4]

_____

[4] In light of our disposition, we need not reach the Government's other arguments for affirmance. We nevertheless briefly note why we reject one of them. The Government argues that Boatwright's Rule 11(c)(1)(C) plea precludes relief even if his career-offender designation is invalid under <u>Mathis</u> because subsequent legal developments do not undermine the validity of a plea. <u>See</u> <u>United States v. Lockett</u>, 406 F.3d 207, 213 (3d Cir. 2005). That point is not dispositive because Boatwright does not require relief from his plea in order to obtain meaningful relief. Boatwright stipulated to a sentence of 100 to 120 months of imprisonment, and his sentencing court imposed a sentence of 110 months. If the sentencing court were to conclude that Boatwright's career-offender designation is invalid, then that conclusion could lead it to impose a lower sentence within the same range. Such a sentence would remain consistent with the parties' agreement and would not require rejection of the plea.

The Government also initially argued, by analogy to motions for sentence reductions under 18 U.S.C. § 3582(c)(2), that relief from Boatwright's career-offender designation would not affect his sentence because his sentenced was based, not on the Guidelines, but on his Rule 11(c)(1)(C) plea. The Government later filed a letter under Fed. R. App. P. 28(j) appearing to abandon that theory in light of <u>Hughes v. United States</u>, 138 S. Ct. 1765 (2018). In any event, we need not address it.