UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

RODERICK BLACK,
　　　　　　*Defendant-Appellant.*

No. 01-6540

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CR-94-15-BO, CA-01-2-2-BO)

Submitted: August 14, 2001

Decided: September 19, 2001

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Roderick Black, Appellant Pro Se. Fenita Morris Shepard, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Roderick Black seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2001) motion as untimely. On appeal, Black contends the district court was obliged to consider his motion because the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Richardson v. United States*, 526 U.S. 813 (1999), and *Bailey v. United States*, 516 U.S. 137 (1995), render his motion timely, and Black's claim based on newly discovered evidence was brought with due diligence. For reasons stated herein, we deny a certificate of appealability and dismiss the appeal.

As a preliminary matter, *Apprendi* is not retroactively applicable to cases on collateral review. *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001). Additionally, the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), which applied *Bailey* retroactively, preceded Black's § 2255 motion by over one year. Consequently, Black's motion is untimely as to these claims.

Finally, to the extent Black raises a timely challenge to his conviction under *Richardson*, we note the jury returned guilty verdicts as to several offenses that were listed in the indictment as predicate offenses to the continuing criminal enterprise for which he was convicted. Consequently, the district court's alleged failure to give an instruction meeting the requirements of *Richardson* is harmless error. *See United States v. Brown*, 202 F.3d 691, 700 (4th Cir. 2000) (citing *United States v. Escobar de Jesus*, 187 F.3d 148, 162 (1st Cir. 1999)). Finally, we find Black's newly discovered evidence could have been presented earlier with the exercise of due diligence and thus is time-barred under § 2255.

Accordingly, we deny a certificate of appealability and dismiss Black's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*