

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2007

# Black v. Warden Lewisburg

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Black v. Warden Lewisburg" (2007). *2007 Decisions*. Paper 263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-7                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3211
_____

RODERICK BLACK,

Appellant

v.

WARDEN, USP LEWISBURG
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00805)
District Judge: Honorable James M. Munley
_____

Submitted on Cross-Motions for Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 12, 2007
Before: MCKEE, RENDELL and SMITH, Circuit Judges

Filed: November 5, 2007

_____

OPINION
_____

PER CURIAM

    This is an appeal from the district court's dismissal of Roderick Black's petition

for a writ of habeas corpus pursuant to 28 U.S.C § 2241.  We will summarily affirm.  See

I.O.P. 10.6.

Black is a federal prisoner incarcerated at the United States Penitentiary in Lewisburg. On September 2, 1994, Black was convicted of various drug trafficking offenses, in the United States District Court for the Eastern District of North Carolina. United States v. Black, 97 F.3d 1449 (4th Cir. 1996). He was also convicted of violating 18 U.S.C. 924(c)(1), which criminalizes using or carrying a firearm during a drug trafficking crime, and engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. 848. Id. Black was sentenced to consecutive terms of life in prison and sixty months. Id. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court on September 18, 1996. Id.

In early 2001, Black filed a 28 U.S.C. § 2255 motion with the sentencing court, which denied the motion as untimely. United States v. Black, 19 Fed. Appx. 78 (4th Cir. 2001). He pursued an appeal, and on September 19, 2001, the Fourth Circuit agreed with the district court's conclusion that the § 2255 motion was untimely, denied a certificate of appealability and dismissed the appeal.

On May 2, 2007, Black filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania to challenge his 1994 conviction. The district court dismissed the petition on the ground that Black could only challenge his conviction via a § 2255 motion. Black timely appealed and both sides have filed motions with this Court for summary action.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the district court's legal conclusions and apply a clearly

-2-

erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Upon review, we agree with the district court's dismissal.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F. 3d 245, 249-251 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle, 290 F.3d at 538.

On appeal, Black argues that his 28 U.S.C. § 924(c) conviction must be vacated in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995) and Bousley v. United States, 532 U.S. 614 (1998).[1] The Fourth Circuit, however, found Black's Bailey claim untimely under the applicable one-year period of limitation. Section 2255 is not inadequate or ineffective merely because the petitioner is unable to meet certain procedural requirements, such as the one-year period of limitation or the stringent gatekeeping requirements for filing a second or successive petition. Cradle, 290 F.3d at 539. We agree with the district court that "to allow Black to file a habeas petition in the

---

[1]In Bailey, the Court held that § 924(c)(1)'s "use" prong requires the Government to show "active employment of the firearm." In Bousley, the Court determined that the Bailey decision applied retroactively. Bousley did not address whether a Bailey claim could be brought in a § 2241 petition.

district of confinement asserting the same <u>Bousley</u> claim raised in previously unsuccessful collateral attacks . . . would obliterate congressional attempts to promote finality in federal criminal cases."

Our decision in <u>Dorsainvil</u> created a narrow exception to the rule that a § 2255 petition must be used to challenge the validity of a federal sentence. Specifically, the exception in <u>Dorsainvil</u> is limited to a prisoner in an "unusual position . . . who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate . . . ." <u>Dorsainvil</u>, 199 F.3d at 251. Black brought his § 2255 petition in the sentencing court over four years after the Supreme Court decision in <u>Bailey</u>. Thus, he does not fall within the ambit of <u>Dorsainvil</u>.

Black also attempts to rely on <u>United States v. Amen</u>, 831 F.2d 373 (2d Cir. 1987) to attack his sentence. In <u>Amen</u>, the Second Circuit held that "because section 848 applies only to a person in charge of a CCE, one cannot incur liability for aiding and abetting such a person." <u>Id.</u> at 381. Black was convicted of engaging in a continuing criminal enterprise and not aiding and abetting a CCE. In any event, this is also a claim that Black had an opportunity to litigate in his previous § 2255 petition in the Fourth Circuit. Black may not use a § 2241 petition to make an end run around § 2255's limitations on successive motions for relief.

Accordingly, for the reasons given, we will grant appellee's motion for summary action and affirm. See I.O.P. 10.6. Black's motion for summary action is denied.

-4-