ALD-295                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1356
_____

RODERICK BLACK,
                                        Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:16-cv-01553)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 29, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed July 20, 2017)
_____

OPINION*
_____

PER CURIAM

       In relation to his role as the leader of drug ring in Ahoskie, North Carolina, from

November 1991 through January 1994, Roderick Black was convicted by a federal jury

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of conspiring to possess with intent to distribute and distributing cocaine and crack

cocaine; engaging in a continuing criminal enterprise under 21 U.S.C. § 848; using and

carrying a firearm during and in relation to a drug trafficking crime; possessing crack

with intent to distribute and aiding and abetting; distributing crack and aiding and

abetting; possessing cocaine with intent to distribute and aiding and abetting; and

distributing cocaine. He was sentenced to consecutive terms of life in prison and 60

months. The judgment was affirmed on appeal. United States v. Black, No. 95-5077,

1996 U.S. App. LEXIS 24447, at *2 (4th Cir. Sept. 18, 1996).

In 2001, Black filed his first motion pursuant to 28 U.S.C. § 2255 to challenge the

judgment. A district court denied the motion as untimely, and a court of appeals declined

to issue him a certificate of appealability. United States v. Black, 19 F. App'x 78, 79 (4th

Cir. 2001) (per curiam). He has since sought relief without success in a petition under 28

U.S.C. § 2241, see Black v. Warden, 253 F. App'x 209, 210 (3d Cir. 2007) (per curiam),

additional § 2255 motions, see, e.g., Black v. United States, No. 2:94-CR-15-BO-9, No.

2:14-CV-35-BO, 2014 U.S. Dist. LEXIS 132929 (E.D.N.C. Sept. 17, 2014), and a motion

under 18 U.S.C. § 3582(c), see Black v. United States, No. 2:94-CR-15-BO-9, No. 2:14-

CV-35-BO, 2014 U.S. Dist. LEXIS 147391 (E.D.N.C. Oct. 15, 2014) (order).

In 2016, Black returned to the District Court with another petition pursuant to 28

U.S.C. § 2241, claiming "actual innocence" of a sentence in light of Burrage v. United

States, 134 S. Ct. 881 (2014). In that case, the Supreme Court explained, in pertinent

part, that the "death results" sentencing enhancement in 21 U.S.C. § 841(b)(1) "is an

2

element that must be submitted to the jury and found beyond a reasonable doubt." Burrage, 134 S. Ct. at 887. (This enhancement increases the mandatory minimum and maximum sentences when "death or serious bodily injury results from the use of [the controlled substance in question]." 21 U.S.C. § 841(b)(1)(A)-(C).) According to Black, his sentence was enhanced in violation of Burrage because the District Judge made a drug-quantity finding (specifically, Black stated that he was sentenced to a mandatory minimum of life imprisonment based on a District Judge's finding that 49.4 kilograms of cocaine were involved in a violation of 21 U.S.C. § 841).

The District Court dismissed the petition for lack of jurisdiction after detailing Black's earlier efforts to win relief from his criminal judgment and concluding that 28 U.S.C. § 2255 was not an inadequate or ineffective vehicle for raising Black's Burrage claim. Black sought reconsideration, which the District Court denied. Black appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the District Court's order dismissing Black's habeas petition, see Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam), and we review the District Court's order denying his motion to reconsider for abuse of discretion, see Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). In reviewing each of these orders, we examine the District Court's legal conclusions under a de novo standard and the District Court's factual

---

[1] Black does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

findings under a clearly erroneous standard. See Cradle, 290 F.3d at 538 (discussing review of order dismissing habeas petition); Howard Hess Dental Labs. Inc., 602 F.3d at 246 (discussing review of order denying reconsideration). Upon review, we will summarily affirm because this appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As we have previously explained, "§ 2255 must be used to raise a challenge to the validity of a [federal prisoner's] conviction or sentence unless that section is 'inadequate or ineffective.'" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); see 28 U.S.C. § 2255(e). The "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is not inadequate or ineffective merely because relief under § 2255 was previously denied or the federal prisoner cannot meet the gatekeeping requirements for filing a second or successive § 2255 motion. Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

We agree with the District Court that this case is not one of the rare instances where § 2255 would be inadequate or ineffective. The Supreme Court's decision in Burrage did not decriminalize the conduct for which Black was convicted. Rather, as relevant to Black's case, Burrage merely applied Apprendi v. New Jersey, 530 U.S. 466

4

(2000), and one of <u>Apprendi</u>'s progeny, <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).

<u>See</u> <u>Burrage</u>, 134 S. Ct. at 887.[2]  We have previously held that a § 2255 motion is not an

inadequate or ineffective vehicle for raising an <u>Apprendi</u>-based argument.  <u>See</u> <u>Okereke</u>,

307 F.3d at 120-21.  Accordingly, the District Court correctly concluded that Black could

not resort to § 2241 to raise his legal claim, and the District Court did not err in denying

his motion to reconsider.[3]

   For these reasons, we will affirm the District Court's judgment.

---

[2] In <u>Apprendi</u>, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  In <u>Alleyne</u>, the Supreme Court held that the same rule applies to "facts that increase mandatory minimum sentences."  133 S. Ct. at 2163.

[3] Even if the District Court had jurisdiction under 28 U.S.C. § 2241, Black would not be entitled to relief under <u>Burrage</u>.  Black does not challenge a finding of death or serious bodily injury; he takes issue with a drug-quantity finding.